FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-0034
_____

JONATHAN DAVID CAPPS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

September 17, 2025

PER CURIAM.

Jonathan David Capps pleaded no contest to sexual battery. Capps was sentenced to ten years in prison, followed by five years of probation, and costs were imposed. Capps appealed and filed a motion under Florida Rule of Criminal Procedure 3.800(b)(2) to correct costs, which the trial court denied. We reverse the sentence in part and remand to correct costs and fines.

Capps does not challenge his conviction but raises three sentencing issues on appeal: (1) discretionary costs were not orally

pronounced, (2) statutory costs imposed exceed the permitted amount, and (3) the scoresheet contains a scrivener's error.[*]

Capps claims the trial court erred by failing to pronounce discretionary costs orally. The court orally pronounced fines amounting to $1,026: (1) $775 in court costs, (2) $100 for a local government trust fund, and (3) $151 to the Crimes Against Children Trust Fund. Yet the $775 in court costs included a discretionary fine of $342.86 under section 775.083(1), Florida Statutes, and a mandatory 5% surcharge of $17.14. The trial court erred by not orally pronouncing the discretionary fine of $342.86 individually, rather than collectively. *See Whitley v. State*, 376 So. 3d 79, 83 (Fla. 1st DCA 2023) (holding discretionary costs must be orally pronounced, not in a lump sum, to allow a defendant an opportunity to contest them). Thus, the discretionary cost should be struck, and because the surcharge attaches only to a valid fine, *see* § 938.04, Fla. Stat., it is struck as well. The trial court may still, however, impose the fine and surcharge if it gives Capps notice and follows the resentencing procedure. *Bryant v. State*, 302 So. 3d 995, 1000 (Fla. 1st DCA 2020).

Capps further claims that the costs imposed under section 938.05, Florida Statutes, exceed the permitted statutory amount. Section 938.05 allows for two fines totaling $225; but Capps was fined an additional time for $100, totaling $325. Appellant claims that the $100 fine should be stricken, whereas the State claims that the statutory basis for the additional $100 is a scrivener's error, and if remanded, the trial court may still impose the fines. The State is correct, in part. The $100 discrepancy in the section 938.05 cost correlates with the discrepancy between the $1,026 orally pronounced and the $1,126 on the written order. The error appears to reflect the mandatory state attorney's costs of prosecution under section 938.27(8), Florida Statutes, which the State included in its recommendation and was reflected in the written order, but was not pronounced. Thus, on remand, the trial

---

[*] With regard to the third issue, Capps correctly notes that Section 12 of his scoresheet was left blank and does not indicate that Capps entered a plea. We do not address this matter further.

court should clarify the section 938.05 fee and whether the final total discrepancy was because of the imposition of the mandatory state attorney's costs. *See Parks v. State*, 411 So.3d 414 (Fla. 2025).

Accordingly, we REVERSE the sentence in part and remand for proceedings in accordance with this opinion.

LEWIS, ROWE, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Darcy Townsend, Assistant Attorney General, Tallahassee, for Appellee.